428 F.2d 822
 Harold R. CRANSTON, Dale R. French, Helmer A. Carlson and David B. Phillips, Individually and on Behalf of All Other Persons in Their Class Who Are Similarly Situated and Affected, Plaintiffs-Appellants,
v.
Clifford M. HARDIN, Secretary of Agriculture of the United States, Defendant-Appellee, and
Albert Guilian, Grover C. Atwood and A. J. Malnati, Individually and on Behalf of All Other Persons in Their Class Who Are Similarly Situated and Affected, Defendants-Intervenors-Appellees.
Leonard DUNCAN, Kenneth Hewitt et al., Appellants,
v.
Harold R. CRANSTON et al., Clifford M. Hardin, Secretary of Agriculture of the United States, and Albert Guilian et al., Appellees.
 Nos. 693-699.
 Dockets 32793-32799.
 United States Court of Appeals, Second Circuit.
 Argued June 12, 1969.
 Decided July 16, 1970.
 
 John P. Weatherwax, Troy, N. Y. (James M. Strang, Troy, N. Y., of counsel), for appellants Cranston et al.
 Walter H. Fleischer, Atty. Department of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Washington, D. C., Justin J. Mahoney, U. S. Atty., for District of Columbia, and Alan S. Rosenthal, Attorney, Department of Justice, Washington, D. C., on the brief), for appellee Hardin.
 Frederick U. Conard, Jr., Hartford, Conn. (Shipman & Goodwin, and Theodore M. Space, Hartford, Conn., on the brief), for appellees Guilian et al.
 Charles P. Ryan, Washington, D. C. (Edward J. Ryan and John J. Simard, Washington, D. C.), for appellants Duncan et al., and The Alliance of Northeast Dairymen as amicus curiae.
 James M. Jeffords, Atty. Gen. of State of Vermont, Montpelier, Vt., for the State of Vermont as amicus curiae.
 Before MOORE and SMITH, Circuit Judges, and BARTELS, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiffs, dairy farmers residing in Rensselaer County, New York, brought this action on behalf of themselves and all other persons in their class against the Secretary of Agriculture for an injunction against allegedly discriminatory and as such unconstitutional price differentials to milk producers authorized by the Secretary pursuant to a Connecticut Milk Marketing Order (the Order), 7 C.F.R. § 1015, et seq. (1968), based upon the location of such producers' farms. Declaratory relief was also sought. Three dairy farmers interested in supporting the price differentials were allowed to intervene as defendants. Upon the trial the issues to be resolved were: (1) whether the Agricultural Marketing Agreement Act of 1937 (the Act), 7 U.S.C. § 601 et seq., authorizes the Secretary to include in the Order certain farm location differentials; (2) whether such differentials are unconstitutionally discriminatory; and (3) whether there is substantial evidence in the administrative record to support the Secretary's inclusions of such differentials in the Order. The trial court in comprehensive findings of fact and conclusions of law and a memorandum of decision after trial held that (1) the Act authorizes farm location differentials; (2) such differentials are not constitutionally discriminatory; and (3) the administrative record supports the Secretary's inclusions of such differentials in the Order. Jurisdiction and venue, the propriety of a class action both as to plaintiffs and intervenor-defendants, claims of bias of the Judge, and the questioned adversary nature of the proceedings were all properly resolved by the court.
 
 
 2
 The farm location price differential issue arises because of a provision in the Order that
 
 
 3
 "1015.72 Farm location differentials.
 
 
 4
 (a) In making payments to producers for milk received from a farm located in Connecticut, Rhode Island, in that portion of New York State east of the Hudson River and south of the Berkshire Section of the New York State Thruway, or in that portion of Massachusetts south of the Massachusetts Turnpike, there shall be added 46 cents per hundred weight.
 
 
 5
 (b) In making payments [then are described certain other geographic areas] * * * there shall be added 23 cents per hundredweight."
 
 
 6
 Plaintiffs attack these payments to so-called nearby milk producers as unconstitutionally discriminatory. Decision upon appeal from the trial court's holding of constitutionality and its dismissal of the complaint has been held in abeyance pending the outcome of two cases before the Supreme Court on writs of certiorari to the United States Court of Appeals for the District of Columbia Circuit entitled Frederick T. Zuber et al. v. Russell Allen et al., and Clifford M. Hardin, Secretary of Agriculture v. Russell Allen et al. There as here, the issue of the constitutionality of the nearby farm price differential was presented to the Court.
 
 
 7
 In Zuber the District Court had issued a permanent injunction against further payments of the nearby farms price differential. The Court of Appeals had affirmed 131 U.S.App.D.C. 109, 402 F.2d 660 (1968). The Supreme Court had granted certiorari, 394 U.S. 958, 89 S.Ct. 1302, 22 L.Ed.2d 559, and on December 9, 1969 affirmed, 396 U.S. 168, 90 S.Ct. 314, 24 L.Ed.2d 345.
 
 
 8
 In view of the Zuber decision, the judgment below is reversed and the case remanded to the District Court for such proceedings, including the proper disposition of funds held in escrow during the proceedings and costs and related matters, and the entry of judgment thereon as may be appropriate in the light of Zuber.
 
 
 
 Notes:
 
 
 *
 Of the Eastern District of New York, sitting by designation